UNITED STATES DISTRICT COURT
for the
<u>Western District of Kentucky</u>
<u>Louisville  Division</u>

| | |
|---|---|
| Michael Stennett<br>    *Plaintiff*<br><br>v.<br><br>Midland Funding, LLC<br>    *Defendant*<br>Serve:<br><br>    Corporation Service Company<br>    421 W. Main Street<br>    Frankfort, KY 40601 | )<br>)<br>)<br>)   Case No. 3:16-CV-656-CRS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

\*    \*    \*    \*    \*

### INTRODUCTION

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.    Plaintiff Michael Stennett is a natural person who resides in Meade County, Ky. Mr. Stennett is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.    Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5.    Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

4. On March 9, 2010, Midland filed suit against Mr. Stennett in Meade Circuit Court in Case No. 09-CI-00074.

5. A true and accurate of the Complaint in Case No. 09-CI-00074 is attached as Exhibit "A."

6. Midland's complaint was an attempt to collect a charged-off credit card originated by Citibank (South Dakota), N.A. ("Citi").

7. Upon information and belief, the Citi credit card at issue in the Meade District Court case was used solely for personal, family, or household purposes, which makes the Citi credit card debt a "debt" within the meaning of the FDCPA.

8. Midland moved for and was granted a default judgment against Mr. Stennett on December 14, 2011.

9. A true and accurate copy of the Default Judgment is attached as Exhibit "B."

10. Midland sought post-judgment interest of 21% per annum, but the Meade District Court reduced post-judgment interest to 12% per annum.

11. The Default Judgment awards Midland *inter alia*:

> **DEFAULT JUDGMENT**
>
> This action coming on to be heard on the plaintiff's complaint, the Defendant, Michael W Stennett AKA Mie Stennet, was served with a Civil Summons and Complaint in Meade County, KY on June 20, 2011 by Sheriff, it is considered and adjudged that the plaintiff, Midland Funding LLC, recover of the defendant Michael W Stennett AKA: Mie Stennet, the sum of $20,281.30 plus interest at the rate of 8.00 % per annum from February 12, 2007 until date of judgment, then 12.00 % per annum thereafter from the date of judgment until paid, and the further sum of $1,500.90 [handwritten over $4,056.26] attorney's fees pursuant to KRS 286.3-750 and it's court costs, for all of which execution may issue forthwith.

Exhibit "B."

12. On December 27, 2011, Midland filed a judgment lien in connection with the Default Judgment in the Meade County Clerk's office.

13. A true and accurate copy of Midland's judgment lien is attached as Exhibit "C."

14. The Judgment Lien provides in pertinent part:

**JUDGMENT DEBTOR:**
Michael W Stennett AKA: Mie Stennet

**JUDGMENT CREDITOR**
Midland Funding LLC
Judgment Amount: PO-$30,085.16
JAmt-$20,281.30, Int-$7,890.24, AF-$1,500.00, CC-$413.62, Pmts-$0.00
Interest rate: 12.00 %
from December 20, 2011 until paid
Judgment Date: **December 14, 2011**

2011 DEC 27 PM 2 54
EVELYN _. _E_L_Y, CLERK

Exhibit "C."

15. While the Default Judgment awards "it's court costs [*sic*]" to Midland, no amount of court costs is included or set forth in the default judgment.

16. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

17. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

18. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

19. Midland did not file a bill of costs in the state court action.

20. Midland did not serve a bill of costs on Mr. Stennett.

21. There is no supplemental judgment entered in the Jefferson Circuit Court Case

awarding Midland costs.

22. Midland violated the FDCPA by **(i)** including court costs in the amount due in the Judgment Lien where no Bill of Costs was filed in the Meade Circuit Court Case; and **(ii)** maintaining a judgment lien that misrepresents the amount due in the Judgment Lien. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) (holding that "[m]aintaining an invalid lien against a debtor's home falls comfortably within the kinds of practices Congress has identified as unfair under [the FDCPA]").

## Claims for Relief

I. **Violations of the FDCPA**

23. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Stennett requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com