UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL STENNETT                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:16-CV-00656-CRS

MIDLAND FUNDING, LLC                                      DEFENDANT

**MEMORANDUM OPINION**

I. <u>Introduction</u>

Michael Stennett filed this claim alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Compl. ¶ 1, ECF No. 1.[1] Midland Funding, LLC ("Midland") moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), asserting that Stennett's complaint is barred by the FDCPA's one-year statute of limitations. Mot. Dismiss 1, ECF No. 7. Stennett responded, ECF No. 14. Midland replied, ECF No. 16. For the reasons below, the Court will grant Midland's motion to dismiss and will dismiss Stennett's claims with prejudice.

II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face."

---

[1] Stennett also cites to Kentucky Revised Statutes § 360.020 in the introduction of his complaint. *See* Compl. ¶ 1, ECF No. 1. This is the sole mention of the statute in his complaint. Stennett fails to show entitlement to relief on the basis of this statute. Moreover, he asserts that this Court has jurisdiction under 28 U.S.C. § 1331, the statute allowing for federal question jurisdiction. Because Stennett does not fully address this claim in his complaint and has not shown this Court why it has subject matter jurisdiction over the state claim, the Court will dismiss this claim.

*Bell Atl. Corp. v. Twombly*, 55 U.S. 544, 570 (2007). A complaint states a plausible claim for relief when the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is not required to accept legal conclusions or "threadbare recitals of the elements of a cause of action." *Id.* When resolving a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007)). Generally, a motion to dismiss for failure to state a claim is "an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

    III.    <u>Background</u>

On March 9, 2010, Midland filed suit against Stennett in the Meade County, Kentucky Circuit Court in an attempt to collect a charged-off credit card. Compl. ¶¶ 4, 6, ECF No. 1. On December 14, 2011, Midland obtained a default judgment against Stennett. *Id.* ¶ 8. On December 27, 2011, Midland filed a judgment lien in connection with the default judgment. *Id.* ¶ 12. The default judgment awarded Midland its court costs but did not specify an amount. *Id.* ¶ 15. The judgment lien included court costs of $413.62. *Id.* ¶ 14. Midland did not file a bill of costs with the court and did not serve a bill of costs on Stennett. *Id.* ¶¶ 19–20. On October 18, 2016, Stennett filed the present complaint. Civil Cover Sheet, ECF No. 1-1.

Stennett alleges that Midland violated the FDCPA by (1) "including court costs in the amount due in the Judgment Lien where no Bill of Costs was filed in the Meade Circuit Court Case," and (2) "maintaining a judgment lien that misrepresents the amount due in the Judgment

2

Lien." Compl. ¶ 22, ECF No. 1. Stennett cites *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) for the position that "[m]aintaining an invalid lien against a debtor's home falls comfortably within the kinds of practices Congress has identified as unfair under [the FDCPA]." *Id.*

IV. Analysis

Midland now moves to dismiss Stennett's complaint. Mot. Dismiss, ECF No. 7. Midland argues that the FDCPA's statute of limitations bars Stennett's claim. *Id.* at 2. In support of this argument, it asserts that (1) the FDCPA's statute of limitations runs from the date the judgment lien was filed, (2) "maintaining" a judgment lien is not a "discrete act" that starts the running of the FDCPA's statute of limitations each day the lien is in place, (3) the continuing-violation doctrine does not apply to FDCPA claims, and (4) *Currier* does not apply to this case. *Id.* at 6, 9, 11, 14. Stennett responded without directly addressing Midland's arguments. He instead argues that it was Midland's failure to file a bill of costs that created the FDCPA violation and that the statute of limitations only began to run after the five years passed during which Midland could file a bill of costs. Resp. Mot. Dismiss 2–4, ECF No. 14.

A. Whether the FDCPA's Statute of Limitations Began to Run from the Date Midland Filed the Judgment Lien

Turning to Midland's first argument, it asserts that the FDCPA's statute of limitations began to run from the date the judgment lien was filed. Mot. Dismiss 6, ECF No. 7. The FDCPA provides that an action to enforce liability under its provisions may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). An FDCPA claim will not be time barred so long as it alleges "a discrete violation of the FDCPA within the limitations period." *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 301 (6th Cir. 2008) (citations omitted). A "later effect[] of an earlier time-barred violation" does not constitute a discrete

3

violation of the FDCPA. *Malone v. Cavalry Portfolio Servs., LLC*, No. 3:14-CV-00428-CRS, 2015 WL 7571881, at *2 (W.D. Ky. Nov. 24, 2015) (citing *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 259 (6th Cir. 2014)). Other courts outside this circuit have held that filing an invalid judgment lien is a discrete violation of the FDCPA. *See, e.g.*, *Osinubepi-Alao v. Plainview Fin. Servs., Ltd.*, 44 F. Supp. 3d 84, 91 (D.D.C. 2014) (holding that "the act of placing a lien on a debtor's property is its own separate and discrete violation"); *Fontell v. Hassett*, 870 F. Supp. 2d 395, 404 (D. Md. 2012) ("[I]t makes sense that the limitations period would begin at the time the lien was placed on Plaintiff's property, since this was the definitive action taken by Defendants that is alleged to constitute an abusive debt collection practice."); *Weiner v. McCoon*, No. 06-CV-1328-IEG (POR), 2007 WL 2782843, at *4 (S.D. Cal. Sept. 24, 2007) (holding that the statute of limitations began to run on the date that the lien was filed).

Midland asserts that Stennett's FDCPA claims accrued in December 2011, when it filed the judgment lien. Mot. Dismiss 2, ECF No. 7. Thus, Midland argues that Stennett's complaint, filed almost five years later, is barred by the FDCPA's statute of limitations. *Id.* The Court agrees that the most recent discrete act that Midland took, according to the complaint, was filing the judgment lien on December 27, 2011. Compl. ¶ 12, ECF No. 1. This discrete act began the statute of limitations period. The statute of limitations ran until December 27, 2012, before Stennett filed suit.

### B. Whether Maintaining a Judgment Lien is a Discrete Act for Purposes of the Statute of Limitations

Second, Midland argues that "maintaining" a judgment lien is not a "discrete act" that starts the running of the FDCPA's statute of limitations each day the lien is in place. Mot. Dismiss 9, ECF No. 7. Because Stennett relies upon *Currier* to support his "maintaining a judgment lien" claim, *see* Compl. ¶ 22, ECF No. 1, the Court will now address Midland's fourth

4

argument, that *Currier* does not apply in this case, Mot. Dismiss 14, ECF No. 7. The Sixth Circuit determined that, notwithstanding the defendant's maintenance of an allegedly invalid lawsuit, "when a debt collector initiates a deceptive, abusive, or otherwise unfair lawsuit, there is no doubt that the FDCPA claim—insofar as it is viable—accrues on that date." *Slorp*, 587 F. App'x at 258. The appellate court held that even though the maintenance of that suit may continue to harm the plaintiff, "the initiation of the suit was [the] discrete, immediately actionable event." *Id.* Thus, it would appear that maintaining a judgment lien is not a discrete act for purposes of the FDCPA's statute of limitations in the Sixth Circuit.

As to Stennett's reliance on *Currier*, the *Currier* court held that "filing and failing to release an invalid judgment lien against a debtor's home while the related state court collection action remains pending falls within the broad scope of practices prohibited by the FDCPA." 762 F.3d 532. Thus, Stennett relies upon it for the principle that "maintaining a judgment lien" is a valid cause of action. Compl. ¶ 22, ECF No. 1. Without deciding whether his interpretation of the holding in *Currier* is valid, the Court finds that *Currier* does not change that the statute of limitations begins to run after "a discrete violation of the FDCPA." *Purnell*, 303 F. App'x at 301. Because *Currier* is not a statute of limitations case, and the *Currier* court expressed no opinion on when an FDCPA's one-year statute of limitations expires when an allegedly invalid judgment lien is filed and not released, this Court is not persuaded that *Currier* prevents the statute of limitations from barring this cause of action.

### C. Whether the Continuing-Violation Doctrine Applies to the FDCPA

Third, Midland argues that the continuing-violation doctrine does not apply to FDCPA claims. Mot. Dismiss 11, ECF No. 7. Stennett alleges in his complaint that Midland violated the FDCPA by "maintaining a judgment lien," implying that Midland violated the FDCPA each day

that it did not remove the allegedly violative judgment lien. *See* Compl. ¶ 22, ECF No. 1. This allegation appears to assert that the Court should apply the "continuing-violation doctrine," which allows for violations "which occur beyond the limitations period" to be "actionable where a plaintiff challenges not just one incident of unlawful conduct but an unlawful practice that continues into the limitations period." *See Slorp*, 587 F. App'x at 257 (citing *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992)). But the Sixth Circuit held that the continuing-violation doctrine does not apply to FDCPA claims. *Id.* at 258. Therefore, Stennett cannot rely upon the continuing-violation doctrine to toll his limitations period.

> D. Whether the Statute of Limitations Began to Run Only After Midland was Given a Reasonable Amount of Time to File a Bill of Costs

In his response, Stennett argues that his claim is not time-barred because recovery of court costs under Kentucky law requires the filing of a bill of costs. Resp. Mot. Dismiss 2, ECF No. 14. According to Kentucky Rule of Civil Procedure 54.04(2), the "party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action." Thus, Stennett asserts that it was Midland's failure to file and serve a bill of costs itemizing the $413.62 in costs that creates the FDCPA violation. Resp. Mot. Dismiss 4, ECF No. 14. He argues that since Midland never filed a bill of costs, the statute of limitations began to run only after Midland was given a reasonable amount of time to file its bill of costs in the Meade Circuit Court. *Id.* at 2–4. Stennett submits that this Court should consider the five-year statute of limitations for filing a bill of costs to be the aforementioned reasonable amount of time. *Id.* at 4. According to Stennett, the statute of limitations for Midland to file its bill of costs ran out on December 27, 2016, five years after it filed the judgment lien. *Id.* Thus, Stennett would have this Court decide that "the statute of limitations under 15 U.S.C. [§ 1692k] for Mr.

6

Stennett to bring [sic] had not yet begun to run when he filed the instant complaint on October 18, 2016." *Id.*

Midland argues in its reply that Stennett's argument is meritless because (1) failing to file a bill of costs is not a means to collect a debt constituting a violation of the FDCPA, and (2) it is inconsistent with Stennett's complaint because it implies that Stennett filed suit *before* Midland allegedly violated the FDCPA. Reply 6–10, ECF No. 16.

First, the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" or use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e–f. In this case, the only means by which Midland attempted to collect a debt was the filing of the judgment lien on December 27, 2011. *See* Compl. ¶ 12, ECF No. 1. Moreover, even if the failure to file a bill of costs is the violation at issue in this case, the only "discrete" act that Midland performed was the filing of the judgment lien, and a discrete act is required to begin the statute of limitations period. *See Purnell*, 303 F. App'x at 301. As such, much like in *Slorp*, even though Midland's failure to file its bill of costs might have harmed Stennett, the filing of the judgment lien was the "discrete, immediately actionable event." *See Slorp*, 587 F. App'x at 258.

Second, Midland is correct that Stennett's argument is inconsistent with his complaint. To believe Stennett's argument that "the statute of limitations . . . had not yet begun to run when he filed the instant complaint," Resp. Mot. Dismiss 4, ECF No. 14, is to believe that Stennett filed his complaint before Midland allegedly violated the FDCPA and before his cause of action accrued. This contradicts Stennett's assertion in his complaint that Midland's actions and omissions constituted violations of the FDCPA. *See* Compl. ¶ 23, ECF No. 1. Therefore,

Stennett's argument that the statute of limitations only began to run after Midland was given a reasonable amount of time to file its bill of costs in the Meade Circuit Court lacks merit.

V. Conclusion

The Court will grant Midland's motion to dismiss Stennett's claims against it with prejudice. The Court will enter an order in accordance with this memorandum opinion.

March 29, 2017

Charles R. Simpson III, Senior Judge
United States District Court

8